Cincinnati Trac. Co. v. Harrison.

---

## AUTOMOBILES—STREET RAILWAYS

[Hamilton (1st) Court of Appeals, March 29, 1915.]

Jones, Jones and Gorman, JJ.

CINCINNATI TRAC. CO. v. BERTHA WEBSTER HARRISON.

1. **Comparative Care Required of Motormen and Chauffeurs in Joint Use of Streets.**
   Street cars have no superior rights in streets over automobiles; chauffeurs and motormen are both bound to exercise ordinary prudence when street railway tracks are to be crossed. The degree of care required of motormen between street intersections is not as great as at street crossings, while drivers of other vehicles should exercise greater care in crossing street car tracks between intersections than at street crossings.

**2. Question of Negligence of Chauffeur and Motorman Held for Jury.**
Whether a chauffeur exercised ordinary care in driving out of private grounds upon the street in the face of an approaching car, with the result that his machine was struck by the car and his employer injured, is for the jury to determine in view of all the circumstances surrounding the case.

**3. Relative Value of Testimony of Witnesses Having Equal Opportunity to Notice Warning Signals.**
It would be error to charge a jury that "if you find the witnesses are of equal credibility, then I charge you that the affirmative testimony of the witness who says that he heard the gong sounded is of greater value than the testimony of the other witnesses," unless the qualification be added that "they had equal opportunity to hear."

**4. Assignment to Wife of Husband's Claim for Expense of Physician and Nurse in Personal Injuries.**
When a husband testifies that he has assigned to his injured wife the claim on account of services of a physician and nurse, he estops himself from asserting such a claim in a future action, and these items may be submitted to the jury to be included in the damages awarded notwithstanding the assignment was not in writing.

ERROR.

*Kinkead & Rogers,* for plaintiff in error.
*Galvin & Galvin,* for defendant in error.

## GORMAN, J.

This was an action to recover damages for personal injuries sustained by the defendant in error, by reason of a collision between her automobile and a car of the plaintiff in error company, on Gilbert avenue, near Chapel street, in January, 1912. A verdict of $3,750 was rendered in her favor below, and the cause is now here on error.

The principal contention of plaintiff in error is that the verdict is against the weight of the evidence. We have read the record of the evidence in the case, and carefully considered same. It appears that defendant in error was driving out of the premises of Mrs. Krippendorf, on the west side of Gilbert avenue, about forty feet south of Chapel street. There was a slight cut in the driveway near the street line, and the driveway gradually sloped from the house, which stood back perhaps eighty or a hundred feet, to the street line. Plaintiff in error claims that it was such negligence on the part of the chauffeur, who was driving the automobile of defendant in error, to drive his automobile onto the street car track ahead of a north bound car on

Cincinnati Trac. Co. v. Harrison.

Gilbert avenue; that the defendant in error is precluded from recovery.

The evidence tends to show that at the time the chauffeur drove out upon the street, there was a south bound car standing at the intersection of Chapel street and Gilbert avenue, about forty feet north of the driveway, the front end of the south bound car being not more than ten or fifteen feet from the driveway. There was a great deal of snow, which had been cast onto the sides of the street by the sweepers of the traction company, leaving no space between the street car tracks and the curbs on either side of Gilbert avenue for the automobiles or vehicles to pass, and it was necessary for automobiles to keep to the center of the street along the street car tracks in order to pass over the street. The evidence tends to show that there was a north bound car approaching Chapel street at the time the chauffeur drove onto Gilbert avenue from the driveway of Mrs. Krippendorf, and the distance this car was from the driveway at the time the chauffeur crossed the sidewalk, on the drive, to the street, is placed at from eighty feet to four hundred and fifty feet away.

Now it is claimed by plaintiff in error that it was negligence on the part of the chauffeur to undertake to drive onto the street in front of this approaching car when it was so near to him as the evidence tended to show it was. Mrs. Harrison testified that she saw the approaching car and also saw the stationary south bound car, but that the north bound car was so far away that she didn't think there could be any danger in driving upon the street ahead of the car.

We think that it was a question for the jury to determine under all the circumstances of the case, taking into consideration the speed of the car, the necessity of Mrs. Harrison's automobile to drive in the part of the street where the street car tracks were laid, whether or not a reasonably prudent person would have driven upon the track at the time and place the chauffeur of the defendant in error did drive. If, as a reasonably prudent chauffeur, he believed that, under all the conditions before him, it was reasonably safe to drive upon the north bound track at the time and place he did, then he was not guilty of negligence. If, on the other hand, the approaching car was so near to him at the

time he undertook to drive upon the north bound track that a reasonably prudent chauffeur would not undertake to drive upon the track, then he would have been guilty of such negligence as would preclude a recovery on the part of the defendant in error.

It was not, in our opinion, as a matter of law, negligence for the chauffeur to drive upon the track of the street car company, even though there was an approaching car and he saw it approaching. As we understand the rule laid down in *Steubenville & W. T. Co.* v. *Brandon*, 87 Ohio St. 187 [100 N. E. 325], which, to be sure, was a case at an intersection, it was a question of whether or not a reasonably prudent driver would under the circumstances undertake to drive upon the track; and this rule we believe applies whether it be at an intersection or between intersections. It is true that between intersections greater care is required to be exercised by drivers of vehicles to avoid being injured in crossing tracks of the street railway, and the degree of care to be exercised by a motorman between intersections is not as great as that required to be exercised at an intersection. But when we consider that the car was approaching Chapel street, an intersecting street, and this automobile was not more than forty, and perhaps not more than thirty feet away from this intersection, it was the duty of the motorman to have his car under such control as to be able to stop it within a reasonable distance and to be on the lookout for persons and vehicles who might be on the street and had a right to be on the street. The street car had no superior right in the street over and above the right of the defendant in error and her automobile. Each of the parties, the chauffeur of the defendant in error and the motorman of the plaintiff in error, were bound to exercise ordinary care. Ordinary care under some circumstances is a higher degree of care than under other circumstances, but the whole question whether or not the parties were guilty of negligence or contributory negligence, if there was any evidence tending to show negligence or contributory negligence, or both, is one for the jury under proper instructions from the court. Upon this point we do not find any error in the charge of the court, and we feel that there was evidence tending to support the verdict, as to the negligence of the plaintiff in error.

Cincinnati Trac. Co. v. Harrison.

This court ought not to set aside a verdict on the ground that it is not supported by the weight of the evidence, unless it be manifestly against the weight of the evidence. The trial judge heard all the testimony of the witnesses, and saw them face to face, and was better able to judge as to the weight to be given to their testimony and the value of their testimony, than a reviewing court. The trial court having refused to set aside the verdict on the ground that it was against the weight of the evidence, we feel that this court should not do so unless it is manifestly against the weight of the evidence. We are not prepared to say that the verdict was manifestly against the weight of the evidence.

It is further urged that the court erred in refusing to give special charges Nos. 1 and 2 requested by plaintiff in error.

We think that special charge No. 1 was substantially given in special charge No. 3; so that, if it be true that special charge No. 3 is substantially the same as special charge No. 1, there was no error in the court's refusal to give special charge No. 1, because plaintiff in error had the benefit of the rule of law embodied in special charge No. 1.

As to special charge No. 2, refused, we do not think the court erred in refusing to give the same, because there was omitted from the charge the question of whether or not the witnesses testifying had equal opportunities to hear whether or not the gong sounded. This charge was predicated upon the rule of law that where two witnesses of equal credibility and equal opportunities of seeing and observing testify to the same fact, one of whom testifies positively that a certain thing was done, and the other testifies that he did not see or hear it done, then greater credence must be given to the witness who testifies that it was done, than to the witness who testifies that he didn't see or hear it done.

Now, if there had been added to special charge No. 2, which was refused, the words "and have equal opportunities to hear," we think that the charge would have been correct. But the charge does not contain this language. The language is:

" * * * and if you find that the witnesses are of equal credibility, then I charge you that the affirmative testimony of the

witness who says that he heard the gong sounded is of greater value than the testimony of the other witness.''

This charge should have read as follows:

'' * * * and if you find that the witnesses are of equal credibility, and *had equal opportunities to hear*, then I·charge you,'' etc.

Thirdly. It is claimed that the court erred as to its rule, in the charge, respecting the liability of plaintiff in error to the defendant in error, for the doctor's bill, nurse's bill, etc. The evidence discloses that the doctor's bill was incurred by the husband of the defendant in error, and also the nurse's bill. A claim was made by defendant in error in the case, on the trial below, for $400 damages by reason of the doctor's bill and nurse's bill. The husband of defendant in error testified as to these services, and so did the doctor and the nurse. There was some evidence as to the reasonable value of the doctor's services, but no evidence as to the value of the nurse's services. It is contended that defendant in error could not have recovered for these items of damage because there was no assignment in writing of the claim by the husband to her. While it is true that an assignment of this claim should have been made to the defendant in error in writing, nevertheless, in view of the fact that the husband of the defendant in error took the stand and testified that he had assigned his claim to his wife, we feel that he would be precluded from asserting this claim against the plaintiff in error at any future time. He would be estopped to assert this claim in any future action, and this is the point which concerns plaintiff in error as to this matter. We do not feel that the verdict should be disturbed because of the admission of testimony relating to these claims, or because of the charge of the court relating to these claims.

It is next claimed that there was error in the admission of certain exhibits—photographs, models and a plat taken from the auditor's office of this county. It is admitted that the plat taken from the auditor's office is substantially accurate and drawn to a scale and we can see no error in admitting it in evidence. It is practically the same sort of a plat that was offered by plaintiff in error, with the difference that there was indi-

Sage, In re.

cated back from the street certain buildings upon the property. As to the photograph, it was an enlarged one, but was not for that reason inadmissible. It has been held, by the Supreme Court that photographs are admissible in evidence to show location, situation and surroundings of the place where the cause of action arose. As to the models, they were, to be sure, amateurish, but nevertheless, interesting and instructive. They showed a section of the street and street car tracks, the driveway, the north bound car and the south bound car, and the automobile, and were used purely for illustration and in the argument to the jury. We can not find that, because these models were not highly artistic and beautifully designed, they were improperly admitted or improperly used in the argument to the jury.

The amount of the verdict in this case was not so great as to indicate that there was any prejudice or bias on the part of the jury. Indeed, it is not claimd that the verdict was excessive. On the contrary, we think the jury might have returned a very much larger verdict, if the defendant in error was. entitled to recover at all.

We are of the opinion that the case was fairly tried and there was no substantial error in the admission or exclusion of evidence; the charge of the court was as fair as could have been asked, and substantial justice has been done by the rendition of the verdict in favor of the defendant in error.

The judgment of the court of common pleas will therefore be affirmed.

JONES (E. H.) and JONES (O. B.), JJ., concur.